**CONTINENTAL INSURANCE COMPANY and Ætna Casualty & Surety Company, Libelants,**

v.

**THE S.S. ALCOA ROAMER and Alcoa Steamship Company, Inc., Respondent.**

United States District Court
S. D. New York.
July 23, 1957.

———◆———

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for libelants. John G. Poles, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for respondent. Thomas R. H. Howarth, New York City, of counsel.

SUGARMAN, District Judge.

Respondents move to retax two items of costs allowed against them by the clerk.

■ The first item is the sum of $335.10 for expenses of libelants' counsel's trip to Puerto Rico, attending the deposition of two witnesses taken at respondents' instance.

Libelants attempt to sustain the allowance of this item on the ground that

"While costs in admiralty are within the discretion of the court and may be allowed or denied on equitable considerations, the amounts and items of the costs allowable are not within the court's discretion but are fixed by statute. The court has no power to allow costs other than the statutory costs, *except in cases where expense has been incurred in the conduct of the case, under the order of the court.*" [1]

(Emphasis supplied in libelants' brief.)

Acknowledging the absence of statute or rule authorizing this item, libelants claim that the depositions were taken by order of this court. They point out that Judge Weinfeld denied libelants' motion for prepayment of libelants' counsel's expenses as a condition to allowing respondents to take the depositions of two witnesses which respondents had noticed.

The witnesses were not examined under order of this court. They were examined under respondents' notice of taking their deposition. Judge Weinfeld did not order that respondents or libelants take any depositions but he ordered that prepayment of libelants' counsel's expenses not be a condition to respondents taking the depositions pursuant to respondents' notice.

Upon the facts here presented the sum of $335.10 is not allowable as an item of taxable costs and the respondents' objection thereto is sustained.

■ The respondents' objection to the item of $6.89 for photostats of documents annexed to libelants' notice to admit is also sustained. No rule or statute makes the expense of obtaining such photostats an item of costs.[2]

Settle an order.

1. Pacific Mail S.S. Co. v. Iverson, 9 Cir., 1907, 154 F. 450, 452.

2. 28 U.S.C.A. § 1925; cf. Supreme Court Admiralty Rules 46 and 47, 28 U.S.C.A.